CURBELLO, PLAINTIFF AND APPELLEE, *v.* RODRÍGUEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in an Action of Unlawful Detainer.—Motion for Dismissal.

No. 3180.—Decided November 15, 1923.

UNLAWFUL DETAINER—APPEAL—STATEMENT OF CASE.—The provision of section 13 of the Unlawful Detainer Act that the secretaries of the courts and the stenographers, as the case may be, shall perform such duties as may be imposed upon them with respect thereto, within a period of five days computed from the date of the filing of the notice of appeal, can not be construed to mean that the statement of the case must be filed within a period of five days. Hence, when an appeal from a judgment in unlawful detainer has been taken within five days from the date of the judgment and the rent has been deposited or the corresponding security has been given, as the case may be,

within the said five days, the period allowed the appellant for preparing the statement of the case is ten days, and it may be extended.

ID.—ID.—RECONSIDERATION—EXTENSION OF TIME.—During the pendency in the lower court of a motion by the appellant for the reconsideration of an order setting aside an extension granted for filing the statement of the case in an action of unlawful detainer for the reason that it was moved for out of time, the Supreme Court can not consider that order as a basis for dismissing the appeal.

ID.—EXTENSION OF TIME—STATEMENT OF CASE.—District judges should not be too liberal in granting extensions of time for filing statements of the case in actions of unlawful detainer.

The facts are stated in the opinion.

*Mr. L. Mendin* for the appellant.

*Mr. L. Pereyó* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

This appeal was taken on May 12, 1923, from a judgment rendered in an action of unlawful detainer. The appellant did not ask that the transcript of the evidence be prepared by the stenographer. Five days thereafter the appellant moved the trial court for an extension of time for presenting the statement of the case for the appeal and an extension of thirty days was granted. Other extensions of time were granted, one of them being an extension of fifteen days granted on July 11th for the same purpose. On August 4th another extension was moved for and on August 6th an extension of twenty days was granted, but on August 20th the appellee moved the court to set aside the last extension granted on August 6th because it had been asked for after the expiration of the previous one. On August 18th the trial court set aside the said extension on the ground that it was moved for after July 31st, the day on which the preceding one expired, and that in actions of unlawful detainer, in accordance with section 13 of the act governing them, the stenographer is allowed only a fixed period of five days from the date of the filing of the notice of appeal for preparing the record, and, therefore, the statement of the case should have been presented within that time. On August 31st the appellant moved the court to re-

consider that ruling, and the hearing on this motion was set for November 5th. The appellant continued asking for extensions and as the statement of the case had not been presented on October 30th, on November 3rd the appellee moved this court to dismiss the appeal for the two reasons stated in the ruling of the trial court to which we have referred.

Sections 13 and 14 of the Unlawful Detainer Act provide as follows:

"Sec. 13.—The appeal having been interposed in proper form, the secretaries of the courts and the stenographers, as the case may be, shall perform such duties as may be imposed upon them with respect thereto, within a period of five days computed from the date of the filing of the notice of appeal.

"Sec. 14.—The appeals shall be heard and determined in accordance with the Code of Civil Procedure, and in no case shall more copies be required than those expressly provided for in said code; *Provided,* That precedence may be given in the hearing and determination of such appeal."

According to that law, when the appeal has been taken within five days from the date of the judgment and the rent due has been deposited or security has been given, as the case may be, within the said five days, the appeal shall be prosecuted in accordance with the provisions of the Code of Civil Procedure governing appeals, which are applicable to appeals taken in actions of unlawful detainer, and for this reason the time allowed the appellant for preparing the statement of the case was ten days, subject to extension, according to section 299 of the said Code as amended by Act No. 81 of June 26, 1919, for section 13 of the Unlawful Detainer Act can not be construed, as was done by the appellee and the trial court, to mean that the statement of the case must be filed within a fixed and immovable period of five days because of the fact that the secretaries of the courts and the stenographers, as the case may be, are required to perform such duties as may be imposed upon them within a

period of five days after the appeal has been taken. That provision is merely directory for the said officials and does not fix the time for filing the statement of the case or the transcript of the evidence prepared by the stenographer when that method of perfecting the appeal is elected under Act No. 27 of November 27, 1917. Therefore, this ground for dismissal is without merit.

So also is the second, for pending the hearing and ruling in the lower court on the appellant's motion for reconsideration of the ruling setting aside the extension granted on August 6th, this court can not rely on that order for the purpose of holding that the appeal should be dismissed because the extensions granted for filing the statement of the case expired on July 31st.

We do not care to conclude this opinion without calling the attention of the judges of inferior courts to the fact that they should not be too liberal in granting extensions of time for the perfection of appeals in actions of unlawful detainer, for otherwise the intention of the Legislature that this class of cases shall be speedly tried might be defeated and there may be a case, like the present, in which six months after the appeal was taken the statement of the case had not been presented.

The motion for dismissal must be overruled.

*Motion overruled.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.